UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LUIS LOHUIS ROMERO,

     Petitioner,

v.                       Case No.  2:26-cv-1463-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER, et
al.,

     Respondents.

_____/

## OPINION AND ORDER

Petitioner Jose Luis Lohuis Romero, an immigration detainee currently held at the Florida Soft Side South Detention Center (Alligator Alcatraz), initiated this action by filing a pro se 28 U.S.C. § 2241 petition for writ of habeas corpus.  (Doc. 1). Respondents filed a response to the petition.  (Doc. 6).  Upon review of the parties' filings, the Court finds that the petition must be granted.

## I.  Background

Lohuis Romero, a citizen of Cuba, entered the United States in 1991.  (Doc. 6 at 1).  Because of his criminal history, he was ordered removed in a final order on October 27, 1997.  (Id.)

Lohuis Romero was taken into Immigration and Customs Enforcement (ICE) custody on October 29, 2026.  (Id. at 2).[1]

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

Lohuis Romero argues that he is entitled to release under Zadvydas v. Davis, 533 U.S. 678 (2001), because his post-removal-order detention has exceeded six months and there is no significant likelihood of removal in the reasonably foreseeable future.  In Zadvydas, the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Court found

---

[1] It is unclear whether Lohuis Romero was released under an order of supervision.

2

it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." <u>Id.</u> at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. <u>Id.</u> If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. <u>Id.</u> [2]

Here, there is no dispute that Lohuis Romero has been in ICE custody for more than six months following his order of removal and that little has been done to effectuate his removal. Respondents assert that Lohuis Romero was served with a notice of removal to Mexico on April 12, 2026, and that "ICE believes there is a significant likelihood of removal in the reasonable foreseeable future." (Doc. 6 at 2). Respondents admit that they have no documentary evidence to support the likelihood of Lohuis Romero's imminent removal. (<u>Id.</u>)

---

[2] The Supreme Court subsequently clarified that inadmissible aliens held in post-removal detention are also entitled to this type of individualized review after their detention exceeds six months. <u>See</u> <u>Clark v. Martinez</u>, 543 U.S. 371 (2005) (extending <u>Zadvydas</u>'s holding to inadmissible aliens as a matter of statutory interpretation).

Respondents do not provide a timeline for Lohuis Romero's removal. Nor is there any indication of whether Mexico will actually accept him. In fact, Respondents do not suggest that ICE has actually communicated with Mexico (or any other country) specifically regarding Lohuis Romero. Nor have Respondents demonstrated that necessary travel documents have been sought—let alone obtained—for any country. Under Zadvydas, the scant efforts taken here (merely an assertion that Lohuis Romero will be removed to Mexico) are insufficient to show a realistic likelihood of Capote's removal in the reasonably foreseeable future. See Douglas v. Baker, 812 F. Supp. 3d 525, 532 (D. Md. Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the government to detain a noncitizen and then sit on its hands. Such inaction, or lack of progress in effectuating removal, is precisely what Zadvydas forbids.").[3]

---

[3] The Court's confidence in Petitioner's foreseeable removal is further undermined by the fact that other district courts recognize that Mexico's acceptance of a Cuban national may be contingent upon the noncitizen's agreement to go there. See Sanchez v. Bondi, et al., No. C25-2573-KKE, 2026 WL 160882, at 3–4 (W.D. Wash. Jan. 21, 2026) (noting that Mexico's conditional acceptance casted doubt on Respondents' ability to remove the petitioner); Arenado-Borges v. Bondi, No. 2:25-cv-2193-JNW, 2020WL 3687518, at *4 (W.D. Wash. Dec. 19, 2025) ("[T]he record suggest Mexico's acceptance may be contingent on the noncitizen's consent"). And while there may be some possibility that Mexico will eventually accept Petitioner, "that is not same as a significant likelihood that [he] will be accepted in the *reasonably foreseeable future*." Arenado-Borges, 2025 WL 3687518, at *4 (emphasis added, quotations omitted).

In short, Respondents have had more than twenty-nine years—and more than six months since his present detention—to remove Lohuis Romero and have still been unable to articulate a specific plan for his removal to Cuba, Mexico, or any other country. Based on the evidence, or lack thereof, the Court finds that Respondents have failed to show a significant likelihood that Lohuis Romero will be removed in the reasonably foreseeable future. Therefore, he is entitled to release from detention under Zadvydas, but he remains subject to the terms of an order of supervision. If Lohuis Romero fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. See 8 U.S.C. § 1253(b); Zadvydas, 533 U.S. at 695("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Lohuis Romero to "assur[e] [his] presence at the moment of removal." Zadvydas, 533 U.S. at 680.

### III. Conclusion

Accordingly, it is **ORDERED**:

1. Jose Luis Lohuis Romero's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** to the extent set forth in this Order.

2. Respondents shall release Lohuis Romero within 24 hours of this Order, and they shall facilitate his transportation from

the detention facility by allowing him telephone access to notify counsel and his family of when and where he can be collected.

3.   The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 27, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE